CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

July 6, 2011

Frederick A. Raab, Esq.
Mignini & Raab, LLP
606 Baltimore Avenue, Ste. 100
Towson, MD   21204

Alex Gordon, AUSA
36 S. Charles Street
4th Floor
Baltimore, MD   21201

**Re: Patricia Baqir v. Michael J. Astrue, Commissioner of Social Security, PWG-09-1245**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Patricia Baqir's claim for Disability Insurance Benefits("DIB"). (ECF Nos. 8,13,24). Plaintiff also filed a response in opposition to Defendant's Motion (ECF No. 25). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Patricia Baqir ("Claimant"), applied for DIB on November 20, 2005, alleging that she has been disabled since September 2, 2001, due to chronic fatigue due to hypotension, anemia, obstructive sleep apnea, hypothyroidism, and depression. (Tr. 46, 69). Her claim was denied initially and upon

reconsideration. (Tr. 27-30). After a hearing before an Administrative Law Judge ("ALJ"), the Honorable Price Dodson, on May 16, 2007, the ALJ denied her claim in a decision dated June 26, 2007. (Tr. 13-21). The ALJ found that Claimant met the insured status requirements through December 30, 2002 and that she had not engaged in any substantial gainful activity ("SGA") since her alleged onset date of September 2, 2001. (Tr. 15). The ALJ then found that although Claimant's obstructive sleep apnea, depression and hypothyroidism were "severe" impairments, they did not meet or medically equal any of the listed impairments in the Regulations. The ALJ also found that Claimant retained the residual functional capacity ("RFC") to perform a limited range of light work[1]. (Tr. 16). Based on her RFC and after receiving testimony from a vocational expert ("VE") the ALJ determined that Claimant was able to perform her past relevant work ("PRW") as a food service worker. (Tr. 326-327). Accordingly, the ALJ found that she was not disabled. (Tr. 21). On March 25, 2009, the Appeals Council denied her request for review, making her case ready for judicial review. (Tr. 4-7).

The Claimant presents several arguments in support of her contention that the Commissioner's final decision is not supported by substantial evidence.

First, she argues that the ALJ was required, but failed, to explain "the seriousness of the date last insured("DLI") issue" to Claimant who was not represented by counsel at the administrative hearing. See Plaintiff's Mem. pp. 11-17.

In order to obtain disability benefits, a claimant must demonstrate that he or she was disabled prior to his or her last insured date. The claimant must prove that she was either permanently disabled or subject to a condition which became so severe as to disable her prior to the date upon which her disability insured status expired which, in this case is December 30, 2002. After careful review of the record, I find the ALJ adequately explained the issue of DLI to Claimant. At

---

[1]The ALJ found Claimant's ability to perform light work was limited by the following: she could perform tasks that do not require the ability to carry out complex, detailed activities. (Tr. 16).

2

the hearing the ALJ stated:

> ALJ: **[I]n addition, you have another issue before today that I want to make sure you understand. It's called date last insured.** When you're working and they're taking all those deductions out of your paycheck you earn what they call orders[sic] of coverage. Once you have enough of these orders [sic] of coverage you're insured for disability insurance policy, if you stop working then eventually your -it's like not paying the premium, eventually your coverage lapses. Our records show that you were last insured for disability insurance benefits purposes on December 31, 2002. **So in order to be eligible based upon the application we're dealing here today you have to show that you were disabled on or before December 31, 2002 and that the disability has been established.**(Tr. 313)(emphasis added).

Contrary to Claimant's argument, the ALJ more than adequately explained the issue of DLI to her. The ALJ also asked Ms. Baqir, on at least two different occasions during the hearing, whether she wished to proceed without representation. The Claimant stated she wanted to proceed. (Tr. 310, 314).

Claimant's counsel also attached additional evidence to the Memorandum filed with this Court to support her claim that the ALJ failed to explain the DLI issue and develop the record. This evidence was created two years after the date of the ALJ's decision and was never previously submitted to the Commissioner. Claimant argues that this additional evidence warrants a remand for additional proceedings as it constitutes "new and material evidence" and that "good cause" exists for her failure to supply this information previously.

    With respect to the additional evidence, the Court can only consider it if it is new, material and Claimant has established good cause for failure to submit it previously. The failure to satisfy any one of these elements prevents this court from remanding for reconsideration based upon the new evidence. *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991); 42 U.S.C. §405(g). Evidence is considered new if it is "not duplicative or cumulative." Evidence is material if "there is a reasonable possibility that [it] would have changed the outcome." *Id.* When

Congress added the element requiring a showing of good cause for failure to introduce the evidence earlier in the process, a floor manager of the bill explained that it was to "speed up the judicial process so that these cases would not just go on and on and on." *Melkonyan v. Sullivan,* 501 U.S. 89, 101, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). The burden of showing the requirements of 405(g) have been met rests with the claimant. *Fagg v. Chater,* 106 F.3d 390 (Table), *2 (4th Cir. Feb.3, 1997).

The evidence attached to Claimant's Memorandum includes: A letter Mark Walsh M.D. dated May 17, 2009; a letter from Amy Walsh M.D. dated May 14, 2009; and a Psychiatric Review Technique Form & Mental Residual Functional Capacity Assessment Form completed by Mark Walsh M.D., on May 17, 2009.

Even if I were to assume, arguendo, that these items were new and material, the Court would not be permitted to remand this case as plaintiff has not met her burden to show good cause for failure to incorporate the evidence into the record in the prior proceeding. Dr. Mark Walsh was her treating physician at the time period in question i.e., in late 2002, and at the time of her hearing. Dr. Amy Walsh also was treating Claimant at the time of the hearing. Both of these physicians' treatment records were considered and discussed by the ALJ, and there is nothing to indicate that the opinions rendered by these physicians in May 2009 --2 years after the ALJ's decision in this case--were based on medical evidence that was not available during the administrative proceedings.

Claimant also argues that the ALJ failed to consider properly her chronic fatigue syndrome ("CFS")as a severe impairment pursuant to Social Security Ruling ("SSR")99-2p. However the ALJ did not simply ignore her complaints of fatigue. The ALJ noted, and the Claimant testified, that she was not diagnosed with CFS until 2005. More importantly the ALJ considered her complaints of fatigue and concluded that many of her ailments that were diagnosed prior to the expiration of her date last insured resulted in fatigue, such as her depression, thyroid disorder and her depression which were severe. (Tr. 20).

Claimant also argues that the ALJ erred in evaluating her credibility and that there is no basis for finding that she could perform a limited range of light work. However, after

careful review of the entire record, I disagree. The ALJ fully and adequately explained his credibility determination. *See* SSR 96-7. In determining Claimant's credibility and the impact that her alleged impairments had on her ability to work, the ALJ stated that he considered the reports from Drs. Harkhani, Snitzer, Pinkstaff, and Lewis. The records from her visits to Johns Hopkins hospital were also evaluated by the ALJ as well as the opinions of the state agency reviewing physicians. (Tr. 19-20). The ALJ also explained in sufficient detail why he found her subjective complaints less than wholly credible. (Tr. 20). In sum, these factors, coupled with Ms. Baqir's testimony regarding her activities, were appropriately considered,[2] and they provide substantial support for the ALJ's conclusion. (Tr. 163-165, 328-331).

Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment and DENIES Claimant's Motion. A separate Order shall issue.

Sincerely,

/s/
Paul W. Grimm
United States Magistrate Judge

---

[2] SSR 96-7p also provides: the adjudicator must consider certain factors "in addition to the objective medical evidence when assessing the credibility of an individuals statements": Those factors include 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board ); and 7. Any other factors concerning the individuals functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p(1996 WL 374186, *2 (S.S.A.))